**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-4746

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JERMAIN JOHNSON, a/k/a Jay,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.   James C. Fox, Senior
District Judge.  (CR-04-314)

Submitted:  November 30, 2006      Decided:  December 11, 2006

Before WILKINSON, MOTZ, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant.   Frank D. Whitney, United States Attorney, Anne M.
Hayes, Christine Witcover Dean, Assistant United States Attorneys,
Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jermain Johnson appeals his conviction and 291-month sentence imposed pursuant to his guilty plea to one count of conspiracy to distribute crack cocaine, in violation of 21 U.S.C. § 846 (2000), and one count of possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A) (2000). Johnson's only contention on appeal is that the district court erred in denying his motion to withdraw his guilty plea.

We review the district court's denial of a motion to withdraw a guilty plea for an abuse of discretion. United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000). Withdrawal of a guilty plea is not a matter of right. Id. (citing United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991)). The defendant bears the burden of showing a "fair and just reason" for the withdrawal of his guilty plea. Fed. R. Crim. P. 11(d)(2)(B). "[A] 'fair and just' reason . . . is one that essentially challenges. . . the fairness of the Rule 11 proceeding." United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992) (en banc). An appropriately conducted Rule 11 proceeding, however, raises a strong presumption that the guilty plea is final and binding. Id.

Courts consider six factors in determining whether to permit the withdrawal of a guilty plea:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or otherwise involuntary;

(2) whether the defendant has credibly asserted his legal innocence; (3) whether there has been a delay between entry of the plea and filing of the motion; (4) whether the defendant has had close assistance of counsel; (5) whether withdrawal will cause prejudice to the government; and (6) whether withdrawal will inconvenience the court and waste judicial resources.

Ubakanma, 215 F.3d at 424 (citing Moore, 931 F.2d at 248 (footnote omitted)).

With these factors in mind, we have reviewed the record, the district court's decision, and the briefs of the parties on appeal. We conclude that Johnson did not demonstrate a "fair and just" reason for withdrawing his guilty plea, and that the district court did not abuse its discretion in denying the motion.

Accordingly, we affirm Johnson's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED